UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN MONTROY,

        Petitioner,

v.                                                                CASE NO. 2:07-CV-15167

L.C. EICHENLAUB,

        Respondent.
_____/

**OPINION AND ORDER DISMISSING AS MOOT THE PETITION
FOR A WRIT OF HABEAS CORPUS**

Pending before the court is Petitioner Brian Montroy's *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, filed March 21, 2008. Currently a federal prisoner confined at the Federal Correctional Institution in Milan, Michigan, Petitioner challenges the policies and regulations of the Federal Bureau of Prisons ("BOP") concerning eligibility for placement in a Residential Reentry Center ("RRC"), also known as a Community Corrections Center ("CCC"), or halfway house. For the reasons stated below, the court will dismiss as moot the petition for a writ of habeas corpus.

**I. BACKGROUND**

In his brief, Petitioner challenges the validity and application of a BOP policy memorandum, written in 2002 ("2002 Policy"), and BOP regulations 28 C.F.R. §§ 570.20 and 570.21, which became effective in 2005 ("2005 Regulations"). Petitioner seeks immediate, good faith consideration for RRC placement without regard to the

1

2002 Policy or the 2005 Regulations.  Petitioner has a projected release date of July 15, 2009.

Since Petitioner filed his brief, Congress enacted the Second Chance Act of 2007, Pub. L. No. 110-199, 122 Stat. 657 ("Second Chance Act") and signed it into law on April 9, 2008.  In Respondent's pleading, entitled "Suggestion of Mootness," Respondent contends that the Second Chance Act renders the instant habeas petition moot.  (Resp. Plead. at 1.)  Specifically, Respondent argues that the Second Chance Act amends the BOP's statutory authority for making RRC placements, effectively invalidates the BOP's prior policies and regulations, and applies to all inmates who have not yet been transferred to an RRC.  (Resp. Plead. at 1-2.)  Petitioner has not filed a reply to Respondent's pleading.

## II.  STANDARD

Article III, § 2 of the United States Constitution requires the existence of a case or controversy through all stages of federal judicial proceedings.  This means that, throughout the litigation, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision."  *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990).  The injury must be "an invasion of a legally protected interest which is (a) concrete and particularized and (b) 'actual or imminent,'" not conjectural or hypothetical.  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (citations omitted).  If an event occurs subsequent to the filing of a lawsuit which deprives a court of the ability to provide meaningful relief, the case becomes moot and is subject to dismissal.  *See Ailor v. City of Maynardville*, 368 F.3d 587, 596 (6th Cir. 2004).  Additionally, when a challenged regulation has been superceded by a new regulation, "the issue of validity of the old regulation is moot, for

2

this case has lost its character as a present, live controversy of the kind that must exist if we are to avoid advisory opinions on abstract questions of law." *Princeton Univ. v. Schmid*, 455 U.S. 100, 103 (1982) (per curiam) (quoting *Hall v. Beals*, 396 U.S. 45, 48 (1969)). A case also becomes moot when the controversy between the parties no longer exists because the moving party has obtained the requested relief. *See Thomas Sysco Food Services v. Martin*, 983 F.2d 60, 62 (6th Cir. 1993); *accord Johnson v. Riveland*, 855 F.2d 1477, 1479-80 (10th Cir. 1998).

### III. DISCUSSION

The Second Chance Act amends 18 U.S.C. § 3624(c)(1) to provide that the Director of the BOP shall "ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community." Second Chance Act, Pub. L. No. 110-199 § 251, 122 Stat. 657, 692 (2008). The statute provides that the BOP is to determine "on an individual basis" how much time each federal prisoner should spend in an RRC. "In reaction to this statute, and the new 12-month maximum placement, the BOP issued guidance directing that 'inmates must now be reviewed for pre-release RRC placements 17-19 months before their projected release dates.'" *Miller v. Whitehead,* 527 F.3d 752*,* 755 (8th Cir. 2008). The BOP's guidance memorandum also emphasizes that the 2005 Regulations and "any previous guidance memorandums that were issued regarding those regulations" are inapplicable and must not be followed. As one court has explained, the prior regulations "have been 'effectively erased' by the Second Chance

3

Act." *John v. Berkebile*, No. 3:08-CV-0267-L, 2008 WL 2531430, *2 (N.D. Tex. June 23, 2008) (accepting magistrate judge's report).

Petitioner challenges the validity and application of the BOP's 2002 Policy and 2005 Regulations regarding his RRC placement. As a result of the passage of the Second Chance Act, however, those policies and regulations are no longer in effect and are no longer applicable to Petitioner. Several federal courts have held that the Second Chance Act renders claims challenging the BOP's prior policies and regulations moot. *See, e.g., McGavock v. Berkebile*, No. 3-08-CV-9-P, 2008 WL 4540185, *2 (N.D. Tex. Oct. 8, 2008) (adopting magistrate judge's report); *Ryno v. Berkebile*, No. 3:08-CV-0277-G, 2008 WL 2717181, *2 (N.D. Tex. July 10, 2008) (same). This court agrees with those decisions. Petitioner's requests for invalidation of the BOP's 2002 Policy and 2005 Regulations and for good faith consideration for RRC placement without regard to those provisions have been met by the enactment of the Second Chance Act and the BOP's updated policies. The court cannot grant Petitioner any further relief on these claims. The Second Chance Act has rendered his petition moot, and the court will dismiss the petition as such.

## IV. CONCLUSION

Based upon the foregoing analysis, the court concludes that Petitioner's habeas claims have been rendered moot by the passage of the Second Chance Act and the BOP's updated policies concerning RRC placements. Accordingly,

IT IS ORDERED that the petition for a writ of habeas corpus [Dkt. # 1] is DISMISSED AS MOOT.[1]

IT IS FURTHER ORDERED that the Clerk of the Court close this case. No separate judgment will issue.

                                                s/Robert H. Cleland
                                                ROBERT H. CLELAND
                                                UNITED STATES DISTRICT JUDGE

Dated: October 29, 2008

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 29, 2008, by electronic and/or ordinary mail.

                                                s/Lisa G. Wagner
                                                Case Manager and Deputy Clerk
                                                (313) 234-5522

---

[1] This order, however, does not limit Petitioner's ability to challenge the Second Chance Act or its application to him.